UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BUFFALO TRANSPORTATION, INC.,

                     Plaintiff,

**Hon. Hugh B. Scott**

**16CV1032V**

       v.

**Report
&
Recommendation**

FREZER BEZU doing business as Buffalo
MD Transportation,

                     Defendant.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 14). The instant matter before the Court is plaintiff's application (Docket No. 23; see Docket No. 13; see also Docket No. 24, Pl. Cert. of Service to Def. of Docket No. 23) to recover its damages, attorney's fees, and costs from defaulting defendants. After referral (Docket No. 14), this Court ordered defendant to render an accounting of its profits by April 25, 2019 (Docket No. 15), but defendant did not do this.

Plaintiff initially was to submit its application (including proof of damages, lost profits, and attorney's fees and rates charged by counsel) by May 24, 2019 (id.). Plaintiff sought (Docket Nos. 16, 18, 21) and received (Docket Nos. 17, 19-20, 22) extensions to file its application, ultimately due by January 15, 2020 (Docket No. 22). Plaintiff timely filed its application (Docket No. 23). With that application, any response from the defaulting defendant was due by February 5, 2020, and any reply by February 12, 2020 (Docket No. 25). Considering

the submissions and the continued non-appearance of defendant, the hearing {was/was not} held and this application was submitted.

## BACKGROUND

This is a Lanham Act, state law unfair competition and trademark infringement action (Docket No. 1, Compl.), alleging that defendants infringed upon plaintiff's trademark for "Buffalo Transportation" (see Docket No. 13, Order of Mar. 22, 2019, at 1, 2-3). Plaintiff learned that a fictitious name certificate with confusing name was filed by defendant Frezer Bezu on January 26, 2016 (Docket No. 1, Compl. ¶ 25), and defendant first used the work and design mark on that date (id. ¶ 34). Plaintiff learned that defendant recently became a registered transportation provider for the New York State Department of Health and its agent the Medical Answering Services, LLC ("MAS"), as did plaintiff (id. ¶¶ 30, 19). On or about September 14, 2016, plaintiff sent a cease and desist letter to defendant (id. ¶ 36) but defendant responded that it intended to use its confusing name and design (id. ¶ 37). Defendant continued to use the name and design up to the filing of the Complaint in December 22, 2016 (id. ¶ 38). Plaintiff alleges in that Complaint violation of the Lanham Act, 15 U.S.C. § 1125 (id. ¶¶ 3, 9-41). Plaintiff also alleges state law claims, seeking injunctive relief (id. ¶¶ 43-48 (unfair competition), 50-53 (trademark dilution in violation of New York General Business Law § 360-*l*), 55-62 (deceptive business practices under General Business Law § 349), 64-71 (use of name with intent to deceive under General Business Law § 133)), and New York State common law trademark infringement, seeking defendant's profits, pecuniary damages, and attorney's fees (id. ¶¶ 73-81, 81, 90, 92, 94), as well as damages for state law unfair competition (see id. ¶¶ 91, 92).

Defendants failed to appear and their time to do so expired (see Docket No. 13, Order at 1). Plaintiff sought entry of default by the Clerk of Court (Docket No. 8), which was granted on June 9, 2017 (Docket No. 9). Plaintiff on that same day moved for default judgment, pursuant to Federal Rule of Civil Procedure 55(b)(2) (Docket No. 10). On March 22, 2019, Judge Lawrence Vilardo granted plaintiff a default judgment against defendant (Docket No. 13). In addition to restraining defendant from further infringing upon plaintiff's trademark, filing a report with this Court of their performance, and rendering an accounting of profits (which defendant had not done, see also Docket No. 23, Pl. Atty. Affirm. ¶ 6 (to date of motion to recover damages, defendant has not rendered an accounting to plaintiff)), Judge Vilardo ordered plaintiff to "prove any damages, attorney's fees, and costs claimed in connection with this matter" (Docket No. 13, Order at 18, 16).

Judge Vilardo found that plaintiff sufficiently alleged federal trademark infringement (Docket No. 13, Order at 5-7). Noting the scant difference between the Lanham Act and state common law trademark infringement and unfair competition claims, Judge Vilardo also held that plaintiff alleged the state law claims as well (id. at 7). Judge Vilardo then found that defendant was liable to plaintiff under New York General Business Law (id. at 8-9, 9-10, 10-11), thus granting plaintiff default judgment on all five claims alleged (id. at 11, 17). After granting a permanent injunction (id. at 11-13, 17), Judge Vilardo referred for findings of fact as to plaintiff's damage claim under the Lanham Act, 15 U.S.C. § 1117 (id. at 14-15), and assessment of attorneys' fees and costs (id. at 15-16).

Judge Vilardo's referral Order to this Court (Docket No. 14) referred findings on "damages, lost profits, attorney's fees, and costs" (see also Docket No. 13, Order, at 18), but did

3

not specify Lanham Act and state common law damages.  The default judgment Order (Docket No. 13, at 14-15) required this Court to find the damages for violation of the Lanham Act, 15 U.S.C. § 1117, without expressly ordering consideration of damages for the state common law trademark infringement and unfair competition claims, or for attorneys' fees and costs for the state law portions of this case (cf. id. at 15-16).  This Court will consider the damage aspects of plaintiff's state law claims.

In a default trademark action, this Court must determine the appropriate amount to award for damages, 15 U.S.C. § 1117 (Docket No. 13, Order at 15).  The damages under section 1117 is defendant's profits, any damages sustained by plaintiff, and costs (including attorney's fees), id.; see Gordon & Breach Sci. Publishers S.A. v. Am. Inst. of Physics, 166 F.3d 438, 439 (2d Cir. 1999) (quotation omitted) (id. at 14, 15), with the damages trebled under the statue, 15 U.S.C. § 1117(c); (id. at 14).  Before granting default judgment and imposing damages, this Court needs to conduct a hearing to determine the amount of an award with reasonable certainty (id. at 14-15).

Judge Vilardo referred this matter for findings as to plaintiff's damages (id. at 15, 18), with defendant to provide an accounting and plaintiff to prove any damages claimed (id. at 15, 17-18).  In this case, plaintiff also was to offer proof of its attorney's fees and costs for finding by this Court (id. at 16, 18).

*Plaintiff's Application to Recover Damages and Attorneys' Fees (Docket No. 23)*

In addition to not obtaining an accounting from defendant, plaintiff unsuccessfully sought discovery from defendant relative to the default judgment damages (Docket No. 23, Pl. Atty. Affirm. ¶¶ 11-12, 15-16, Exs. B, D).

4

Plaintiff now claims in this motion (Docket No. 23) trebled damages of $321,041.04 (id.). Plaintiff also claims attorney's fees and costs totaling $11,536.00 (id.). In support of this application, plaintiff subpoenaed the New York State Department of Health for information to support its damage claim and received from the department payment records (id., Pl. Atty. Affirm. ¶¶ 10, 13, Exs. A, C, at 5-6). The Department of Health paid "Buffalo MD" from February 23, 2016, to July 25, 2017, and then paid an apparent successor entity named "Access Transportation" from July 27, 2017, until September 30, 2019 (Docket No. 23, Pl. Memo. at 5). According to the Department, the Medicaid provider ID number for both entities was the same (04398129) but exclusively identified as "Access Transportation" (Docket No. 23, Pl. Atty. Affirm. Ex. C, at 2, letter Bailee Brown, N.Y.S. Department of Health to plaintiff's counsel, Nov. 19, 2019). The department paid a total of $107,013.68 during the February 2016-July 25, 2017, period (Docket No. 23, Pl. Atty. Affirm. Ex. C; Docket No. 23, Pl. Memo. at 5).

In further support of its attorneys' fees and disbursements, plaintiff also included billing statements from its lawyers (Docket No. 23, Pl. Atty. Affirm. ¶¶ 18, 28, Ex. E, see also id. ¶¶ 24-27 (stating experience of attorneys, paralegal, and law clerk assigned to this matter)), with a total of $11,046.00 incurred in attorneys' fees (id. ¶¶ 28, 33). Plaintiff claims that the attorneys' and paralegal billing rates are based upon the prevailing rates in this community (id. ¶ 29). Finally, plaintiff enumerated $490 in costs incurred in prosecuting this case (id. ¶¶ 30-32). Thus, plaintiff claims a total of $11,536.00 in attorneys' fees and costs (id. ¶ 33).

Defendant did not appear or respond. Plaintiff did not submit a reply.

5

**DISCUSSION**

I.     Applicable Standards

Damages for trademark infringement and unfair competition are trebled by statute, 15 U.S.C. § 1117 (Docket No. 13, Order at 14; Docket No. 1, Compl. ¶¶ 90-92, 94). A plaintiff who establishes a violation of rights in a mark may recover the defendants' profits, damages sustained by plaintiff, and costs of the action, id. (Docket No. 13, Order at 13). Judge Vilardo noted that there was no information as to the damages plaintiff incurred due to defendants' infringement, thus, this case was referred for this Court to receive plaintiff's proof of its damages (id. at 14). To be entitled to profits under the Lanham Act, plaintiff needs to show that defendant's conduct was willful, 15 U.S.C. § 1117; 4 Pillar Dynasty L.L.C. v. N.Y. & Co., 933 F.2d 202, 209 (2d Cir. 2019) (Docket No. 23, Pl. Memo. at 3). Judge Vilardo found that defendant's conduct was willful as a result of its default (Docket No. 13, Order at 14-15; see Docket No. 23, Pl. Memo. at 3).

As one commentator has noted, "if the defaulting party does not participate in the damages determination, the district court may award damages based on the submissions of the claimant and other information in the record," 10 Moore's Federal Practice--Civil, § 55.32[f] (2019). This Court may not accept plaintiff's word about its damages and has a duty "to ensure that there is a basis for the damages in the fact pleaded by the claimant," 10 Moore's Federal Practice, supra, § 55.32. Thus, plaintiff was to make whatever record it could of its damages from defendant.

In an exceptional case, a trademark plaintiff also can receive its reasonable attorneys' fees as prevailing party, see id. (Docket No. 17, Order at 14); Protection One Alarm Monitoring,

6

Inc. v. Executive Prot. One Sec. Serv., 553 F. Supp. 2d 201, 207 (E.D.N.Y.) (Levy, Mag. J.) (Report & Recommendation), adopted, 553 F. Supp. 2d 201 (E.D.N.Y. 2008).  Exceptional circumstances exist only where there is "evidence of fraud or bad faith," Gordon & Breach Sci. Publishers S.A. v. American Inst. of Physics, 166 F.3d 438, 439 (2d Cir. 1999) (per curiam). Defendants' default on a trademark infringement action deems the infringement to be willful and exceptional circumstances to recover attorney's fees, Prot. One Alarm Monitoring, supra, 553 F. Supp. 2d at 208 (id.).  Even with a finding of bad faith, the decision to award attorney's fees is subject to the sound discretion of the Court, id. at 209.  Judge Vilardo concluded that plaintiff is entitled to an award of attorney's fees and costs (id.).  The application to recover these fees must be supported by contemporaneous time records specifying relevant dates, time spent, and work done, id. at 209 n.1 (citing New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983)) (id.).

In calculating a "reasonable" attorneys' fee, the Court first determines the reasonable hourly rate, Prot. One Alarm Monitoring, supra, 553 F. Supp. 2d at 209; Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 112 (2d Cir. 2007), based upon the legal fees charged in the community in which the action is pending and to the skills and experience of the attorneys and legal professions who worked on the matter, Prot. One Alarm Monitoring, supra, 553 F. Supp. 2d at 209; Luciano v. Olsten Corp., 109 F.3d 111, 115-16 (2d Cir. 1997).  The burden of establishing the reasonableness of the hours is on the party seeking to recover the fees, Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1160 (2d Cir. 1994); Prot. One Alarm Monitoring, supra, 553 F. Supp. 2d at 209.

7

A prevailing party may also be awarded their costs, including filing fees, 28 U.S.C. § 1920, and out-of-pocket litigation costs, Tri-Star Pictures, Inc. v. Unger, 42 F. Supp. 2d 296, 306 (S.D.N.Y. 1999); Prot. One Alarm Monitoring, supra, 553 F. Supp. 2d at 210.

II. Application

    A.    Plaintiff's Damages

Given defendants' default (both in appearing generally and in providing an accounting of their profits), plaintiff alleges its damages based upon payments from the New York State Department of Health (Docket No. 23, Pl. Atty. Affirm. ¶ 13, Ex. C). Plaintiff subpoenaed Department of Health records of payments made to defendant while using the infringing name, contending that this is the best sales information available absent defendant's accounting or discovery (id., Pl. Memo. at 4). The Department of Health paid "Buffalo MD" from February 23, 2016, to July 25, 2017, and then paid an apparent successor entity named "Access Transportation" from July 27, 2017, until September 30, 2019 (id. at 5). The department paid a total of $107,013.68 during the February 2016-July 25, 2017, period (id.; Docket No. 23, Pl. Atty. Affirm. Ex. C).

        1.    Lanham Act Trademark Infringement

Plaintiff argues that, in the absence of an accounting, defendant's Department of Health payments of $107,013.68 should be deemed defendant's profits (Docket No. 23, Pl. Memo. at 5-6). Plaintiff concedes that, absent discovery or accounting from defendant, other monies defendant earned is not included in plaintiff's claim (id. at 6).

This Court accepts plaintiff's contention that defendant's profits from the abuse of plaintiff's trademark is the equivalent of defendant's recovery from the Department of Health in

defendant holding itself out as plaintiff or using plaintiff's trademark. Therefore, plaintiff should recover its damages, trebled, to **$321,041.04** based upon the Department of Health payments to defendant.

### 2. State Common Law Trademark Infringement and General Business Law Claims

The default judgment Order found defendant's liability under the Lanham Act and common law claim (Docket No. 13, Order at 7) and violations of New York General Business Law (id. at 8-11). Count VI alleges common law trademark infringement (Docket No. 1, Compl. ¶¶ 73-81), seeking defendant's profits and other pecuniary damages and costs (id. ¶ 81; see also id. ¶¶ 91, 92).

The Ninth Circuit once noted that there are "distinct federal and state rights" in these infringement claims, treating plaintiff's hybrid federal-state trademark infringement claim an invocation of federal rights under 15 U.S.C. § 1125 and the district court had federal subject matter jurisdiction, Int'l Order of Job's Daughters v. Lindeburg and Co., 633 F.2d 912, 916-17 (9th Cir. 1980); see also Ameritech, Inc v. American Info. Techs. Corp., 811 F.2d 960, 963 (6th Cir. 1987) ("The substantive overlap of state and federal trademark law, however, often obscures the necessity of determining whether state or federal law applies."); TMT N. Am., Inc v. Magic Touch GmbH, 124 F.3d 876, 881 (7th Cir. 1997) (federal and state laws regarding trademarks are substantially congruent). There is no preemption of state remedies for trademark and unfair competition, Scan-Plast Indus., Inc. v. Scanimport Am., Inc., 652 F. Supp. 1156, 1165 (E.D.N.Y. 1986); Hamilton v. Hertz Corp., 607 F. Supp. 1371, 1374 (S.D.N.Y. 1985).

Judge Vilardo here did not expressly refer consideration of damages for the state common law trademark infringement claims while finding that defendant is liable for such

9

damages as it was for its Lanham Act violation (Docket No. 13, Order at 7). This Court will consider the state claims and render a recommendation as to plaintiff's damages (if any) for the state claims in combination with the Lanham Act claim, so as to avoid either a windfall to plaintiff for essentially a double recovery under federal and state law or disregard of disparate aspects of his state law claim.

In another federal and state common law trademark infringement case, Judge Vilardo held that the state common law claim "would not add much, if anything" to that plaintiff's Lanham Act damages claim, Ampion Corp. v. AXXA Tech, Inc., No. 18CV660, 2019 WL 2119621, at *4 (W.D.N.Y. May 15, 2019) (Vilardo, J.), Docket No. 10 (Order at 8-9); see also Int'l Order of Job's Daughters, supra, 633 F.2d at 916 (choice of federal or state substantive law for trademark infringement "has no impact on the outcome"). In the present case, however, Judge Vilardo did not make a similar finding in disregarding the state common law claim.

Plaintiff here also appears not to seek additional or distinct damages for the state common law claims.

For Counts II, III, IV, and V under the New York General Business Law and common law unfair competition claim, plaintiff seeks equitable relief (Docket No. 1, Compl. ¶¶ 48, 53, 62, 71) and not damages. Injunctive relief was granted by Judge Vilardo (Docket No. 13, Order at 11-13, 17).

      B.      Plaintiff's Attorneys Fees

Plaintiff has submitted contemporaneous time records specifying dates and times of services rendered and the services rendered (Docket No. 23, Pl. Atty. Affirm. ¶ 18, Ex. E). Plaintiff also stated the experience of the attorneys and other legal professionals who billed on

this matter (id. ¶¶ 24-27).  Plaintiff met its burden as the applicant to recover its fees by submitting these records and stating the experience of the legal professional, cf. Prot. One Alarm Monitoring, supra, 553 F. Supp. 2d at 209.  The rates billed for the attorneys, paralegal, and law clerk who represented plaintiff in this matter are consistent with the Buffalo market, see id. (granting one set of attorneys full billing when that firm presented evidence of experience while reducing another firm when not presenting that firm's experience).  The senior partner, David Kloss, has almost 33 years of experience in practice and billed at a rate of $350 per hour, Justin Kloss has almost 6 years of experience and billed at $225 per hour (id. ¶¶ 25, 24), while paralegal Amy Albright billed at an hourly rate of $110 per hour and law clerk Michael Altman (soon to be admitted to practice) billed at a rate of $110 per hour (id. ¶¶ 26, 27).  These rates are consistent with rates recently upheld for recovery for legal services, Ampion Corp. v. AXXA Tech, Inc., No. 18CV660, 2019 U.S. Dist. LEXIS 205408, at *10-12 (W.D.N.Y. Nov. 26, 2019) (Scott, Mag. J.) (holding acceptable rate for intellectual property practitioners in this District is $285-300 per hour range); HealthNow N.Y. v. Romano, No. 17CV310, 2018 WL 7505560, at *2 (W.D.N.Y. Nov. 28, 2018) (Scott, Mag. J.) (in Report & Recommendation for trademark infringement action with defaulting defendant, this Court accepted as reasonable rates $275-415 per hour), adopted, 2019 WL 1047764 (W.D.N.Y. Mar. 5, 2019) (Vilardo, J.) (see also id., Pl. Memo. at 10-11, citing cases).  Plaintiff's application (id.) to recover its attorney's fee **should be granted** for a total of **$11,046.00**.

    C.    Plaintiff's Costs

Finally, plaintiff claims a total of $490.00 in costs (id. ¶¶ 31, 33).  Plaintiff paid the filing fee pursuant to this Court's fee schedule, W.D.N.Y. Loc. Civ. R. 5.1(b) (filing fee pursuant to

District Court Schedule of Fees, published at www.nywd.uscourts.gov. From this Court's calculation, plaintiff correctly claims the total recoverable costs. Therefore, plaintiff **should recover in full the costs invoiced of $490.00**.

## CONCLUSION

Based upon the above, it is recommended that plaintiff's application to recover attorney's fees and costs (Docket No. 20) be **granted, with plaintiff entitled to recover $321,041.04 in damages from defaulting defendant, $490.00 in costs and $11,046.00 in attorney's fees, for a total recovery from defendant of $332,577.04**.

A copy of this Report & Recommendation will be mailed to defendant at its last known address on record by Chambers of the undersigned.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72(b).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v.

Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72(b), "[w]ritten objections to proposed findings of fact and recommendations for disposition submitted by a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72(b) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
February 19, 2020